IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **CORNERSTONE MEDICAL TRANSPORT,** *Defendant.* | **Case No. 2:19-cv-02328-JDW** |

### ORDER

**AND NOW**, this 17th day of December, 2019, upon consideration of Plaintiff's Motion for Service by Posting Property and Certified Mail (ECF No. 5), the Court hereby finds as follows:

1. Plaintiff United States of America moves for allowance to serve Defendant Cornerstone Medical Transport by mailing a copy of the summons and the complaint by certified and regular mail and by posting a copy of the summons and the complaint at its last known property address;

2. "Alternative service is only appropriate as a 'last resort' when personal service cannot be made." *United States v. Linares*, No. 16-4463, 2016 WL 7014192, at *1 (E.D. Pa. Nov. 30, 2016) (citation omitted). There is no federal rule providing for alternative service. However, by virtue of Fed. R. Civ. P. 4(h)(1)(A), which permits any method of service allowed by the state in which the judicial district is located, Pennsylvania Rule of Civil Procedure 430 allows for alternative service;

3. Rule 430 only permits alternative service if "service cannot be made under the applicable rule . . . ." Pa. R. Civ. P. 430;

4. In its Motion, the United States says that it attempted service at one of the addresses that it located in its investigation and that a process server successfully served a person in charge at that location. (ECF No. 5, ¶¶ 9, 15.);

5. The United States expresses concern in its Motion that Pennsylvania law only permits service on a corporation by serving three categories of people (*see* Pa. R. Civ. P. 424), and that the United States is unable to confirm that the person who was served falls into those categories; and

6. The United States has not demonstrated that service cannot be made under Rule 424, as Rule 430 requires. The United States' uncertainty about the effectiveness of its service upon Cornerstone is not enough to justify a last-resort recourse such as service by alternative means.

For the foregoing reasons, it is **ORDERED** that the Motion is **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J