IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **CORNERSTONE MEDICAL TRANSPORT,** *Defendant.* | **Case No. 2:19-cv-02328-JDW** |

## ORDER

**AND NOW**, this 7th day of February, 2020, upon consideration of Plaintiff's Motion for Service by Posting Property and Certified Mail (ECF No. 7), the Court hereby finds as follows:

1. Plaintiff United States of America again moves for allowance to serve Defendant Cornerstone Medical Transport by mailing a copy of the summons and the complaint by certified and regular mail and by posting a copy of the summons and the complaint at its last known property address;

2. As the Court noted in its prior Order, Pennsylvania Rule of Civil Procedure 430 permits alternative service **only** if "service cannot be made under the applicable rule . . . ." Pa. R. Civ. P. 430. The Court also noted that Pennsylvania law permits service on a corporation by serving three categories of people (*see* Pa. R. Civ. P. 424);

3. The United States attempted service at 1352 S. 30th St, Philadelphia PA 19146, at which time the process server "served" a J.P. Lawson. The United States claims that it is unable to confirm that this individual falls into one of the three categories of people under Rule 424;

    4.       The fact that the United States "could not confirm that the prior service attempt was good" (ECF No. 7, ¶ 19) does not satisfy its burden of showing that service cannot be made under the Pennsylvania Rules; and

    5.       The United States' uncertainty is therefore not enough to justify a last-resort recourse such as service by alternative means.

For the foregoing reasons, it is **ORDERED** that the Motion is **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J